FILED

07 OCT 12 PM 3:15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO.: '07 MJ 2446 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 18, U.S.C., Section 111 - Assault on a Federal Officer |
| Israel Amezquita-Luna; | Title 8, U.S.C., Section 1326 - Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

Count 1

On October 11, 2007, within the Southern District of California, defendant Israel Amezquita-Luna, did knowingly and intentionally, willfully and forcibly assault, resist, oppose, impede or interfere with a person named in 18 U.S.C. Section 1114, namely Department of Homeland Security, United States Border Patrol Agent Ricardo Booth, in that Defendant, in an effort to resist arrest, attempted to punch Booth, fled from Booth, and attempted to strike Booth with a large rock while Agent Booth was engaged in the performance of his official duties, in violation of Title 18, United States Code, Section 111(a)(1).

Count 2

On or about October 11, 2007, within the Southern District of California, defendant Israel Amezquita-Luna, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code,

Sections 202(3) and (4), a 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, U.S.C., Section 1326.

And the complainant states that this complaint is based on the attached Probable Cause Statement incorporated herein by reference.

_____
WILLIAM C. McNAMARA, Special Agent
Federal Bureau of Investigation

SWORN TO ME AND SUBSCRIBED IN MY PRESENCE THIS 12th DAY OF October 2007.

_____
LEO S. PAPAS
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
UNITED STATES v. ISRAEL AMEZQUITA-LUNA

PROBABLE CAUSE STATEMENT

I, Special Agent William C. McNamara, declare under penalty of perjury, the following is true and correct:

These facts are based on my personal participation in this investigation, as well as written and oral statements received from other law enforcement officers. I submit the facts contained in this statement demonstrate probable cause exists to believe that the defendant named in the attached complaint committed the crimes charged in the complaint. I have not included each and every fact known to me about the defendant or this investigation. I have included only those facts which I believe are necessary to establish probable cause to believe that the defendant committed the crimes alleged in the complaint.

On October 11, 2007, United States Border Patrol Agent Ricardo Booth responded to a seismic sensor east of the SR-94 Checkpoint and south of Highway 94 in the vicinity of Barrett Smith Road in an area referred to as Upper Barrett Smith. In this area, there is a ridge to the south side of Highway 94 and a steep ravine to the north side of Highway 94. From the seismic sensor, Agent Booth and his partner, Agent Rockford Ross, believed there would be two possible routes for the individuals to travel northbound across Highway 94. The Agents separated from one another with Agent Booth occupying one of the suspected routes and Agent Ross occupying the second suspected route. Both Agents awaited for the individuals to travel northbound.

In the approaching darkness, Agent Booth viewed multiple individuals walking across the ridge line to the south. Agent Booth

hid in the bushes and waited for the individuals to come down toward him. Agent Booth was able to hear the individuals talking to one another. Agent Booth heard instructions being given that should anyone be stopped by the Border Patrol, they should just ignore the agents and keep running. The individuals were instructed not to stop.

Agent Booth observed the group split into two smaller groups. Agent Booth found himself essentially between the two groups as they split and approached the highway. To Agent Booth's right appeared two males. Agent Booth turned on his flashlight, identified himself as a Border Patrol Agent in both English and Spanish, and instructed the two men to stop. One male turned back south and disappeared into the brush. The second male, defendant Israel Amezquita Luna, kept going northbound, across Highway 94. Agent Booth traveled across the highway behind the defendant and followed him down into a deep ravine with very rugged terrain.

Both Agent Booth and the defendant stumbled as they descended down the steep embankment into the ravine. Agent Booth continued to give commands for the defendant to stop in both English and Spanish. As Agent Booth got closer to the defendant, the defendant fell, rolled over, grabbed a handful of dirt, and threw it at Agent Booth. The defendant got up and continued to run into the ravine. Agent Booth continued to follow the defendant and kept ordering the defendant to stop. The defendant fell once again, got up and ran from Agent Booth, and suddenly stopped. The defendant turned toward Agent Booth and cocked his left hand back as if he were going to throw a punch. Agent Booth, who was still running downhill, was unable to stop quickly and ran into the defendant, striking him in

the upper torso and head with his flashlight. Agent Booth informed the defendant he was under arrest. Agent Booth attempted to handcuff the defendant but the defendant pulled away from Agent Booth and continued to flee. During the ensuing chase, the defendant fell multiple times because of the rough terrain. In each instance, Agent Booth attempted to handcuff the defendant but was unsuccessful because the defendant kept resisting.

Agent Booth continued to chase the defendant until the point where Agent Booth was able to grab the defendant from behind. Agent Booth once again attempted to handcuff the defendant but was unsuccessful. The defendant picked up a rock with his left hand and turned toward Agent Booth while cocking his left hand back. Agent Booth feared for his safety that the defendant might strike him with the rock. Agent Booth ducked, drew his issued weapon, and fired one round at the defendant, hitting him. Agent Booth did not believe he hit the defendant at that time. The defendant turned and kept moving away from Agent Booth.

The defendant stopped after a short distance, turned toward Agent Booth and said, "Go ahead, kill me." Agent Booth responded by stating, "Sit down, it's over." The defendant kept resisting and asked Agent Booth, "Why did you shoot me?" The defendant began walking toward Agent Booth and sat down. Agent Booth handcuffed the defendant's right hand but was unable to cuff his left hand. Agent Booth put his knee on to the defendant's back and put the defendant down on the ground. The defendant held a rock in his left hand and attempted to roll over and hit Agent Booth with it. Agent Booth kicked the rock from the defendant's hand and told the defendant to calm down. The defendant kept squaring off to Agent Booth,

resisting Agent Booth's attempt to handcuff him. By this time, a helicopter was overhead and additional Border Patrol Agents arrived to provide assistance. At that time, the defendant was finally handcuffed and taken for treatment for a gunshot wound to his left hip and a cut over his left eye.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed that the defendant was previously deported to Mexico on March 27, 2006, through the Port of Entry at Nogales, Arizona. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights in the English language. The defendant stated that he illegally entered the United States by walking across the international border near Tecate, California. The defendant stated that he does not have any immigration documents that would allow him to legally enter or remain in the United States.

I believe there is probable cause to believe that on October 11, 2007, within the Southern District of California, defendant Israel Amezquita-Luna did knowingly and intentionally, willfully and forcibly assault, resist, oppose, impede, or interfere with a person named in 18 U.S.C. Section 1114, namely Department of Homeland Security, United States Border Patrol, Border Patrol Agent Ricardo Booth, in that defendant, in an attempt to resist arrest,

threatened to punch Booth, fled from Booth, and attempted to strike Booth with a large rock while Agent Booth was engaged in the performance of his official duties, in violation of Title 18, United States Code, Section 111(a)(1).

I also believe there is probable cause to believe that on or about October 11, 2007, the defendant Israel Amezquita-Luna illegally entered the United States by walking across the international border near Tecate, California, in violation of Title 8, U.S.C., Section 1326.

Executed on 10/12/2007 at  SAN DIEGO, CA                .

William C. McNamara, Special Agent
Federal Bureau of Investigation