```
 1  MARILYN B. GUNNER, ESQ. SB# 149540
    P.O. Box 605
 2  La Mesa, Ca.  91944-0605
    Telephone:  (619) 461-8716
 3  Fax:        (619) 461-6795

 4  Attorney for Material Witnesses

 5
                    UNITED STATES DISTRICT COURT
 6
                    SOUTHERN DISTRICT OF CALIFORNIA
 7
```

| | | |
|---|---|---|
| 8 | UNITED STATES OF AMERICA, ) | Case No. 07cr3032WQH |
| | ) | 07MJ2446 |
| 9 | Plaintiff, ) | |
| | ) | ORDER FOR VIDEOTAPE DEPOSITION |
| 10 | v. ) | AND RELEASE OF MATERIAL |
| | ISRAEL AMEZQUITA-LUNA ) | WITNESSES |
| 11 | ) | |
| | ) | |
| 12 | ) | Judge:           McCurine |
| | Defendants. ) | Hearing Date: December 4, 2007 |
| 13 | ) | Time:            9:30 a.m. |

14                              **ORDER**

15      1.   The Material Witnesses in the case of UNITED STATES v.
16  AMEZQUITA-LUNA shall be deposed on _December 19, 2007_
17  at _1:00_ ~~a.m.~~/p.m.  The deposition will be held at the U.S.
18  Attorney's Office.  An employee of the U.S. Attorney's Office shall
19  serve as videotape operator.  The witnesses to be deposed pursuant
20  to this Order are EDWIN MOYE-VILLANUEVA ("MR. MOYE"), MANUEL EUGENIO-
21  ORTEGA ("MR. EUGENIO"), MONICA PEREZ-RAMIREZ ("MS. PEREZ"), and
22  MINERVA SALAZAR-ANTONIO ("MS SALAZAR"), the "Material Witnesses".

23      2.   All parties shall attend the deposition.  If the Defendant
24  is in custody, he shall be brought separately to the deposition and
25  a marshal shall remain present during the entire proceeding.

26      3.   The United States Attorney's Office shall provide a
27  videotape operator and arrange for a court-certified interpreter to
28  be present for the Material Witnesses.

4. The cost of the interpreter for the Material Witnesses will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

5. If the defendant needs an interpreter independent of the Material Witness interpreter, defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant shall be paid by the court.

6. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. Proc. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

7. The deposition shall be videotape recorded. Prior to the conclusion of the deposition, the deponent, or a party, may elect to have the deponent review the videotaped record of his/her deposition to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

8. The videotape operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel.

9. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus

upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

10. Before examination of the witness, the notary shall state on the video record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the deposition room. The notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape.

11. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the operator shall announce the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

12. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for having a transcript prepared for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

13. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in nonstenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed.R.Civ.P. 32(c).

14. Copies of all exhibits utilized during the videotaped deposition shall be marked for identification during the deposition and filed along with the videotape.

15. At the conclusion of the deposition, the Government and defense attorney will advise the material witness attorney if they intend to object to the release of the MATERIAL WITNESSES. If the parties do not object to the witnesses' release, the Government and defense attorney will immediately approve an order for the witnesses' release from custody. At the conclusion of the deposition, the Government will provide the witness with a subpoena for the trial date, a travel fund advance letter, and written authorization to enter the United States to testify at trial.

16. If any party objects to the release of the MATERIAL WITNESSES, the objecting party must request a hearing on the issue before the District Court, said request to occur within four business hours after the deposition has concluded. Failure of the objecting party to request this hearing shall be deemed a waiver of the objection to the release of the MATERIAL WITNESSES, and a Release Order shall be submitted for approval at the end of the four hour period. If a hearing is requested, at the hearing, the objecting party must be prepared to show why release of the material witness is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the Court decides to release the material witness, the material

1 witness attorney shall file the witness release order immediately.
2 Again, the Government must serve the material witness with a trial
3 subpoena, a travel fund advance letter and written authorization to
4 legally enter the United States to testify at trial, before the
5 material witness is released from custody.

6   17.   Upon request by either party, the videotape operator shall
7 provide a copy of the videotaped deposition to the requesting party
8 at the requesting party's expense.  After preparing the requested
9 copies, if any, the videotape operator shall turn the original
10 videotape over to the notary along with a certificate signed by the
11 videotape operator attesting that the videotape is an accurate and
12 complete record of the recorded deposition.

13   18.   The notary shall file the original videotape, along with any
14 exhibits offered during the deposition, with the Court in a sealed
15 envelope marked with the caption of the case, the name of the
16 witnesses and the date of the deposition.  To that envelope, the
17 notary shall attach the sworn statement that the videotape is an
18 accurate and complete record of the recorded deposition and a
19 certification that the witnesses were duly sworn by the officer.

20   19.   To the extent that the procedures set forth herein for
21 videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P.,
22 these variations are found to be good cause shown as allowed by F.R.
23 Civ. P. 29.

24   ///
25   ///
26   ///
27   ///
28

20. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

IT IS SO ORDERED:

12/4/07
DATE

/s/ W. McCurine Jr.
HON. WILLIAM MC CURINE, JR.
UNITED STATES MAGISTRATE JUDGE